**Francisco Udiel GRAMAJO–DIAZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70414.

INS No. A75–190–032.

United States Court of Appeals, Ninth Circuit.

claim, or the merits of Guerrero's *Apprendi/Buckland* challenge to his sentence.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Francisco Udiel Gramajo–Diaz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Because the transitional rules apply, we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Ruano v. Ashcroft,* 301 F.3d 1155, 1159 (9th Cir.2002). We deny the petition.

The BIA summarily adopted the IJ's findings on appeal, therefore we review the IJ's decision. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). We review findings of fact for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary result. *Chanchavac v. INS,* 207 F.3d 584, 589 (9th Cir.2000).

The unfulfilled threats against Petitioner were not sufficiently egregious to constitute past persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). Substantial evidence supports the IJ's conclusion that Gramajo–Diaz was not persecuted or threatened on the basis of real or imputed political opinion. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1151 (9th Cir.2000)

("[A]bsent evidence of discriminatory purpose, a guerilla organization's attempts to force a person to join them [sic] is insufficient to compel a finding of persecution on account of political belief.") (citation omitted).

Because he did not make the requisite showing for asylum, it follows that Gramajo–Diaz failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

